ACCEPTED
12-14-00140-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/13/2015 2:47:37 PM
CATHY LUSK
CLERK

<u>ORAL ARGUMENT NOT REQUESTED</u>

CAUSE NO. 12-14-00140-CR

IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/13/2015 2:47:37 PM
CATHY S. LUSK
Clerk

FILED

4/13/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

JEFFREY EDWARD ALLEN,
Appellant

VS.

THE STATE OF TEXAS
Appellee

Appeal in Cause No. 31247
On Appeal from the 349th Judicial District Court
of Anderson County, Texas

BRIEF FOR STATE

James C. Henson
Assist. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, TX 75801
Texas Bar No. #24091457
903-723-7400

i

## IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE PAM FOSTER FLETCHER

**DEFENDANT/APPELLANT:**

JEFFERY EDWARD ALLEN

**FOR THE DEFENDANT:**

STEPHEN EVANS
1000 N. CHURCH ST.
PALESTINE, TEXAS 75801

**FOR THE STATE:**

JAMES C. HENSON
ASSISTANT CRIMINAL DISTRICT ATTORNEY
Anderson County Courthouse
500 N. Church Street
Palestine, TX 75801
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . . iv

Statement of the Case . . . . . . . . . 1

Issues Presented . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . 1

Point of Error Restated . . . . . . . . 3

Summary of Arguments . . . . . . . . 3

State's First Reply to Appellant's Point of Error One . . . 3

Prayer . . . . . . . . . . . 7

Certificate of Service . . . . . . . . . 8

# INDEX OF AUTHORITIES

**Cases**           **Page**

*Blankenship v. State*, 780 S.W.2d 198, 209
(Tex. Crim. App. 1989) (op. on reh'g)     4,5

*Brooks v. State*, 923 S.W.3d 893, 912 (Tex. Crim. App. 2010)     3

*Brown v. State*, 294 S.W.3d (Tex.App.-Texarkana 2009)     6

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).     4

*Hicks v. State*, 204 SW 3d 505 - Tex: Court of Appeals, 7th Dist. 2006     4

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)     3

*Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010)     4

**Statutes and Rules**

TEX. PENAL CODE ANN. § 30.01(1)     4

TEX. PENAL CODE ANN. § 30.01(2)     4

TEX. PENAL CODE ANN. § 30.02(a)(3).     4

## STATEMENT OF THE CASE

The Reporter's Record will be referred to as "RR" unless otherwise noted. The Clerk's Record will be referred to as "CR" unless otherwise noted. Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

Appellant was found guilty of Burglary of a Habitation in a bench trial on January 8, 2014. The judge sentenced Appellant to fifteen (15) years in TDCJ-ID.

## ISSUES PRESENTED

**POINT OF ERROR ONE:**

Appellant alleges that the verdict of the trial court is not supported by sufficient evidence for a finding of guilt.

## STATEMENT OF FACTS

The Teel property is located near Elkhart in Anderson County, Texas. (RR, V3, P11) The property has at least three different buildings on it, including the building that was the Teel's home.(RR, V3, P36). One of these buildings was used as a home for the Teel's and a portion of it was used to operate a small store as a business of the Teel's. (Id). Directly adjacent to the home was a structure that the Teel's used as a garage for their vehicles while living in the home. (RR,V3,P17). At one point in time this garage was attached to the home by a tin breezeway. (RR,V3,P37).

The Teel's lived in the home for a number of years until retiring to live in Mansfield, Texas approximately 5 years prior to the burglary. (RR,V3,P38).While the Teel's had operated a small convenience store out of the same building as their home, the buildings primary purpose was as a residence. (RR,V3,P44).

On April 13,2013, Judson Frazier, the 17 year old son of the Teel's long time neighbor Wayne Frazier, heard a noise outside his home on the Teel's property. Believing it to be hogs going into a hog trap he had set up there, Judson went to investigate. Judson noticed the doors on the garage of the Teel home open and then suddenly close. (RR,V3,P11). This prompted Judson to retrieve his father, Wayne Frazier, and return to the Teel property for further investigation. Upon their arrival, the Frazier's could hear sounds that they believed to be someone beating against the walls. This prompted Wayne Frazier to make a call to the Sheriff's department. (RR,V3,P20).

Two sheriff deputies, Deputy Taylor and Deputy Gordon, arrived on scene and located two individuals inside of the garage, one male and one female with a motorcycle. (RR,V3,P65). The two individuals were wearing dark clothing, using flashlights, and holding tools. (RR,V3,P66). Investigation of the motorcycle led to the deputies finding wire cutters inside a compartment under the seat. (RR,V3,P72). The deputies also found wiring pulled from around the buildings on the property. (RR,V3,P73). The Appellant was placed under arrest for Burglary of

-2-

a Habitation.

**POINT OF ERROR ONE RESTATED:**

The appellant alleges that the trial court erred when it found Appellant guilty, because there was insufficient evidence supporting that the building Appellant was found in was a habitation and that the Appellant had an intent commit theft.

## SUMMARY OF ARGUMENT

The evidence introduced is legally sufficient to find that the building Appellant was found in was a habitation and the Appellant was there with the intent to commit a theft.

## STATE'S FIRST REPLY TO APPELLANT'S POINT OF ERROR ONE

When reviewing a case for sufficiency of the evidence, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 923 S.W.3d 893, 912 (Tex. Crim. App. 2010)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard supports the trier of fact's responsibility to fairly resolve testimonial

conflict, appropriately weigh the evidence and make reasonable inferences from the facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

If there appears to be conflicting inferences contained in the record, than the appellate court is to presume the trier of fact resolved any conflict in favor of conviction. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This applies in both direct and circumstantial evidence cases. *Id.*

A person commits burglary of a habitation if the person enters a habitation without the owner's consent and commits a theft. TEX. PENAL CODE ANN. § 30.02(a)(3). Habitation means a "structure or vehicle that is adapted for the overnight accommodation of persons... TEX. PENAL CODE ANN. § 30.01(1). 4-Building means "any enclosed structure intended for use or occupation as a habitation or for some purpose...or use." TEX. PENAL CODE ANN. § 30.01(2).

To be considered a habitation, a structure must, at some time prior, have been used for the overnight accommodation of persons and still be adapted for the overnight accommodation of persons. *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (op. on reh'g). What makes a structure "suitable" or "not suitable" for overnight accommodation is a complex, subjective factual question fit for a jury's determination. *Id.* Some factors for the jury to consider are: was someone using the structure as a residence at the time of the offense, did the structure contain common residential items, such as furniture, utilities, or bedding,

-4-

and was the structure of such a character that it was probably intended to accommodate persons overnight. *Id.* While all of these factors are relevant, none of them are essential or necessarily dispositive. *Id.* The jury's determination of whether a structure is a habitation can be overturned only if it is shown that no reasonable trier of fact could have found the structure to be a habitation. *Id.*

Viewing the evidence in the light most favorable to the verdict, there is sufficient evidence to show that the Teel's property was a habitation on the night of the burglary. The building that the defendants were found in was directly appurtenant to the Teel's former home. The building making up the home had not been modified in any significant manner from the time the Teel's habitated there. In applying the third factor Blankenship, the property was of a character likely intended to accommodate persons overnight. The property had clearly been used at some point as a habitation and was still suitable as such. The Teel's had lived in the home for decades and the basic structure had been virtually unchanged. The property had been listed for sale for approximately five years, but it was for sale as a home.(RR,V3,P39) .

In *Hicks v. State*, the 7th District Court of Appeals found that a structure was still a habitation even after it was found that the building had been emptied of furniture and all personalty. *Hicks v. State*, 204 SW 3d 505 - Tex: Court of Appeals, 7th Dist. 2006. The tenant had moved out completely and the owner was

-5-

attempting to relet the property. The facts are similar in the present case as the Teel's had moved out and were attempting to sell the property. However, these acts did not negate the character of the property as a habitation.

The Appellant further contends that there is insufficient evidence that the Appellant had any intent to commit theft. *Brown v. State* does not require property to have actually been taken, but merely that there was the intent to take property. *Brown v. State,* 294 S.W.3d (Tex.App.-Texarkana 2009). In this case, the Appellant was found with tools for the stripping of copper wiring from the structure. There were also piles of copper wiring that had already been stripped from the structure present with the Appellant. (RR,V3,P73-74). While approaching the structure, the deputies also heard banging consistent with people working to remove wiring. (RR,V3,P75). While the Appellant may not have left the property with any of the property, the Appellant was certainly demonstrated the intent to commit theft of the wiring. Furthermore, the Appellant admitted to stealing oil which he claim was sitting on a shelf in the structure to use on his motorcycle. (RR,V3,P135).

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof

affirm the decision of the Trial Court and overrule Appellant's Point of Error.

Respectfully submitted by,

**JAMES C. HENSON**
Assistant Criminal District Attorney
Anderson County, Texas
500 N. Church Street, Rm 38
Palestine, Texas 75801
Texas Bar No. #24091457
(903)723-7400

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax to: **STEPHEN EVANS,** 1000 N. Church St., PALESTINE, TEXAS 75801 on this the 2nd Day of April, 2015 in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure. **I also certify that this brief is 1,904 words.**

JAMES C. HENSON

ASSISTANT CRIMINAL DISTRICT ATTORNEY

## CERTIFICATE OF COMPLIANCE

**COMES NOW**, the State of Texas by and through her Assistant Criminal District Attorney, James C. Henson, and hereby certifies that the State's Brief contains 1,904 words including the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, issues presented, signature, certificate of compliance and certificate of service.

Sincerely,

James Henson
Anderson County Assistant Criminal District Attorney
500 N. Church, Rm. 38
Palestine, Texas 75801
(903) 723-7468
(903) 723-7818 - fax